IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No: 3:18-bk-30667-SHB |
| ROBERT WALLEN, and ) | Chapter 7 |
| MISTY WALLEN, ) | |
| Debtors. ) | |

### DEBTOR'S SUPPLEMENTAL BRIEF

Comes now the Debtor, Misty Wallen, by counsel, and for her Supplemental Brief would show unto the Court as follows:

### A. INTRODUCTION

1. Attached to this Brief is the Affidavit, Exhibit 1, I, from Mayer & Newton for their attorney fees as requested by the Court for legal fees requested pursuant to this contempt Motion.

2. In addition, attached as Exhibit 1, II is further Affidavit of counsel listing in detail bankruptcy information related to the "Deadbeat List" displayed by the creditor in their business. This information was taken from relevant public records off PACER and is assembled for the Court's convenience in this supplemental document.

3. The Debtor requested in her Motion for Contempt with Morristown Tire actual damages, legal fees and punitive damages as a result of the serious nature of the contempt in violation of the discharge injunction by the creditor. The Court entered an Order finding that creditor in contempt on December 19, 2019, Docket # 40.

1

## B. ARGUMENT

Pursuant to 11 U.S.C. § 524 and § 105, the Court has authority to award contempt damages to a debtor as a result of violations of the discharge injunction. See *In re John Richards Homes Bldg. Co.,* 552 F. App'x, 401 (6th Cir. 2013). This Supplemental post hearing Brief on behalf of the Debtor asserts she is entitled to substantial damages. Case cited clearly supports the Bankruptcy Court's authority under the Bankruptcy Code to award debtors appropriate damages. In particular, this is more than just simply a collection call or a letter dunning the debtor for a debt. This is a serious display of information to the public in the Debtor's community and in the very vicinity where she is employed that is likely to, and did in fact in this case, come to the attention of third parties acquainted with the Debtor. The effect of continuing to display her name on a "Deadbeat List" in a public location inside this business that is frequented by consumers day in and day out has and would have a serious impact on her attempt to obtain a fresh start. In the record at the hearing on this matter on February 20, 2020, the Debtor testified that she became aware that the list had not been edited to delete her name when on of her friends contacted her and advised her that the list was still in the business. The Debtor testified that she communicated on at least four occasions with Morristown Tire persons answering the telephone at the business that she wanted to ask the owner and/or the business itself to delete her name from their displayed list. There is no doubt in the record that the bankruptcy information documents that the creditor received notice of the bankruptcy and notice of the bankruptcy discharge. Exhibit 1, II, documents that most of the "deadbeat list" includes parties filing bankruptcy establishing a pattern.

The Debtor has testified that she had some actual damages although those are

2

insignificant considering her damages to protect her reputation. She had completed school and is now in a career for counseling with the anticipation of continuing to work in the Morristown area and possibly even working through state agencies with contracts with the State of Tennessee. As she testified this would be a serious issue if her reputation was impacted by this "deadbeat list" she testified that her character could be called into question by an employer. The Court does not need any expert proof on this issue because her testimony and practical knowledge that such a list can clearly impact the Debtor in her attempt to obtain a fresh start in her future employment.

The clear intention of Morristown Tire in this case was to either coerce the debtor on the deadbeat list into paying to get her name removed which is, in her case, a violation of the discharge injunction or, alternately, to simply impact her reputation and credibility in the community as a result of her failure to pay. Either way such acts constitute a violation of the Debtor's opportunity for a fresh start and specifically the Order of discharge injunction under the statute.

Punitive damages should be awarded under circumstances like this case. Again, as stated above, this not simply a creditor making a call directly to the debtor and upsetting the Debtor in her normal, everyday life at her home where no third parties would be aware of such collection efforts. In this case this is a public display of the fact that she did not pay this business and third parties saw that list and would on a day to day basis obviously see the list being displayed in that business. The testimony of the principals of the business was weak at best related to this issue. There is no doubt the list was there and there was clear testimony they did not give credit to customers. If that was the case they simply could have put it in a location under the counter where an employee could have picked up the list, looked at it prior to deciding whether to

authorize credit. Further, it appeared clear from the testimony of both owners that they would have to be the ones to authorize credit. Having the list at the front counter served no purpose as they attempted to explain to the court why the list was maintained. Therefore, the Court should conclude the obvious that this list was designed for its purpose to broadcast to the public parties that had failed to pay with the idea that these parties may be impacted in their reputation in the community.

Under these circumstances punitive damages should be awarded in an appropriate amount to the Debtor to deter this type of activity in the future. Given the fact the Debtor called on multiple occasions and despite her efforts to get them to remove her name from the list after she filed bankruptcy and received a discharge, they made no attempt over a substantial period of time totaling over 18 months from June 2, 2018 to January 2020 to remove her name. The Debtor testified the day after the hearing on December 20, 2019 that the list was still on the counter as observed by her spouse. It was only after they employed counsel herein, sometime in January of 2020, that the list was removed.

## C. CONCLUSION

In conclusion, actual damages to be awarded by the Court and legal expenses are requested along with an appropriate amount of punitive damages to deter and prevent this business, from attempting to use similar tactics to shame and damage a debtor's reputation and ability to obtain a fresh start under the Bankruptcy Code Legal fees and expenses total. The Debtor requests that the Court award her substantial punitive damages as it has impacted her reputation in the community and she has had to deal with this for a lengthy period of time despite the bankruptcy Discharge Order and her multiple attempts to request removal of her name. Such efforts and the length of time it took are aggravating factors the Court should consider when evaluating case precedence on punitive damages. A pattern of listing individuals with bankruptcy filings is obvious. The attempt by the owners to testify about their financial status is irrelevant. The Debtor filed a Chapter 7 to improve her financial status and to get a fresh start which they attempted to block. The Court should take all of this in consideration including the aggravating factors and give the Debtor an appropriate damage award.

DATED this the 20th day of March 2020

RESPECTFULLY SUBMITTED BY:

/s/ John P. Newton
John P. Newton, BPR # 010817
/s/ Richard M. Mayer
Richard M. Mayer, BPR # 005534
LAW OFFICES OF MAYER & NEWTON
Attorneys for Debtors
1111 Northshore Drive, S-570
Knoxville, TN 37919
(865) 588-5111 Telephone

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and exact copy of the foregoing **Brief** has been forwarded to the following:

| | |
|---|---|
| Tiffany Dilorio<br>Office of United States Trustee | (Email) |
| Wayne R. Stambaugh<br>PO Box 1896<br>Morristown, TN 37816-1896 | (Via ECF) |

Dated: March 20, 2020

                                            /s/ John P. Newton
                                            John P. Newton, BPR #010817
                                            Law Office of Mayer & Newton