# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROBERT WALLEN, and ) | Case No. 3:18-bk-30667-SHB |
| MISTY WALLEN, ) | |
|       Debtors. ) | |
| ) | |

## CREDITOR'S RESPONSE TO DEBTORS' SUPPLEMENTAL BRIEF

Comes now Morristown Tire and Performance Center, LLC, by and through counsel, and hereby responds to Debtors' Supplemental Brief as follows:

A. INTRODUCTION:

On February 20, 2020 this Honorable Court held a hearing regarding the awarding of punitive damages against Morristown Tire and Performance Center for violating the discharge injunction pursuant to 11 U.S.C. § 524(a) and 11 U.S.C. §§.105(a) and 362(k). Specifically this Honorable Court asked counsel for the parties to brief Taggart v. Lorenzen, 587 U.S. _____ (2019) on the issue of punitive damages. This Honorable Court also allowed for the filing of supplemental documentation and/or exhibits in support of said briefs.

The first paragraph of the introduction of the Debtors' supplemental brief addresses the issue of Debtors' attorney fees. Exhibit 1,1 is an affidavit and Statement for Legal Services from Mayer & Newton. Doc. 45-2. Counsel for the Creditor has no way of verifying the actual amount of time required for the representation of the Debtor. Counsel for the Creditor would state that $275.00 per hour fee for John Newton is excessive and would ask this Honorable Court to set an

hourly fee that is reasonable.

In paragraph two of the Supplemental Brief Exhibit1,II, is an affidavit of counsel listing, in detail, the bankruptcy information related to the "Deadbeat List" displayed by the creditor in their business. This Honorable Court instructed counsel for the Debtor that the only relevant "Dead Beat List Data" would be considered.  Only those cases where Morristown Tire and Performance Center, LLC  was listed on their creditor matrix would be relevant. After diligent inquiry by counsel for the Creditor, there was only one additional case (10-51069) that listed Morristown Tire and Performance Center, LLC on the creditor matrix.  There are two cases (12-30628 & 16-50837) that the Debtor has listed on Exhibit 1,II that there is no proof that Morristown Tire and Performance Center, LLC  was listed on their creditor matrix. *See attached Exhibit*. Creditor would argue that there was no intention that the "Deadbeat List" contained any discharged bankruptcy cases and would ask this Honorable Court not to award punitive damages based upon the bankruptcy cases presented in Exhibit Affidavit. Doc. 45-1.

Paragraph three is simply a request by the Debtor that the Creditor be made to pay her legal fees, actual damages, and punitive damages. The issue of Debtors' attorney fees has been previously discussed. At the hearing on February 20, 2020 the Debtor was not able to provide any proof of actual damages. The only argument made was that her reputation may have been damaged. In the Supplemental Brief Debtor states "that this would be a serious issue if her reputation was impacted by this (deadbeat list) she testified her character could be called into question by her employer."  The fact of the matter is there is no proof that her reputation was harmed in any way. Therefore, Creditor would argue that the Debtor suffered no actual damages that could be calculated and/or quantified by this Honorable Court.

B. ARGUMENT

The majority of the argument found in the Debtors' Supplemental Brief is a restatement of the testimony of the Debtor and the argument of Debtors' counsel. At no time is Supreme Court's ruling in <u>Taggart v. Lorenzen</u>, 587 U.S. \_\_\_\_\_, 2019 analyzed or discussed by the Debtor. In response to the Debtors' argument the Creditor would state that there was no intention the "Deadbeat List" would be used to collect a debt. The testimony of Tim Goins was the list was used to ensure employees did not extent credit to those individuals on the list. Creditor had no direct knowledge that the Debtor had communicated with the agents/employees of the Creditor to take her name from the list. There was no clear intention by the Creditor that the inclusion of the Debtors' name on the "Deadbeat List" be an attempt to coerce the debtor to pay the discharged debt nor pay to have her name removed.

As for the Creditor receiving notice of, not only the bankruptcy discharge, but the Motion for Contempt, it was the testimony of Mr. Goins that he never received actual notice and/or filings from the bankruptcy court until he received the Order dated December 19, 2019. In *Taggart*, the case of <u>Schmidt v. Lessard</u>, 414 U.S. 473,476 (1974) is used to illustrate the use of civil contempt as a remedy. "Civil contempt is a severe remedy...and that principles of basic fairness require that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt". *Id* at 6.  The Creditor did not know that the posting of the "Deadbeat List" would be considered a violation and/or "outlawed" by the Debtors' discharge. Morristown Tire and Performance Center, LLC, is at best an unsophisticated creditor. The Creditor has no real familiarity with the rules and procedures of this Honorable Court.  Counsel for the Debtor would state that it would be more appropriate that the Creditor be actually served by a process server to ensure notice has been given when a Motion for Contempt is filed. The

Creditor had no knowledge that the Bankruptcy case had been reopened. It is difficult for any person, business, or corporation to be on notice that a law suit is pending without actual service of process.

As for the Supreme Court's ruling in *Taggart,* the court stated "we conclude that neither a standard akin to strict liability nor a purely subjective standard is appropriate. Rather in our view, a court may hold a creditor in civil contempt for violating a discharge order if there is no fair ground of doubt as to whether the order barred the creditor's conduct...civil contempt may be appropriate if there is no objectivity reasonable basis for concluding that the creditor's conduct might be lawful." *See* Taggart v. Lorenzen, 587 U.S. _____, 2019 at 2. Although *Taggart* does not directly instruct the lower courts on how to award and/or calculate punitive damages once a creditor has been found in contempt, Creditor believes that the before referenced standard would apply in the determination of punitive damages. Creditor would ask this Honorable Court to analyze the testimony of the witnesses, the argument of counsel, the Supplemental Briefs, and the exhibits presented and then decide "if there was no fair ground of doubt as to whether the actions of the Creditor might be lawful under the discharge order." Id, at 10. The Creditor would argue that is a "fair ground of doubt" that the action of displaying the "Deadbeat" list was not an attempt to collect the discharged debt. Furthermore, there was a objectively reasonable basis that the Creditor did not intend that the "Deadbeat list" was an attempt to collect a discharged debt. Therefore, the Debtor would ask this Honorable Court not to award punitive damages based upon the legal standard in *Taggart*.

The facts before this Honorable Court are distinguishable from those found in *Taggart.* In *Taggart*, the Creditor made an overt act, after the debt was discharged, to collect the debt. The Creditor proceeded in the state lawsuit against the debtor after the discharge. Therefore, there

was an intentional act by the creditor to collect the debt after the discharge. That is not what happened in this case. It was established by both the testimony of the Debtor and the Creditor that the list was in existence well before the bankruptcy was filed. Furthermore, there was no act in furtherance of collecting the debt by the Morristown Tire and Performance Center, LLC prior to the filing of the Motion for Contempt.

Counsel for the Debtors argued, at the hearing on February 20, 2020 and in the Supplemental Brief, that this case is worse than a "creditor making a call directly to the debtor and upsetting the debtor in her normal, everyday life." See Doc 45 at 3. Creditor would argue that the two circumstances are nothing alike. In this example by Debtors' attorney, there is a specific act in furtherance of collecting the debt after discharge. That did not happen in this case. Moreover, Creditor never initiated contact with the Debtors regarding the debt since it was occurred in 2010. The Creditor would ask this Honorable Court that since there was no intentional act in furtherance of collecting the debt after the discharge that no punitive damages should be awarded. Moreover, the only case cited by the Debtors in their Supplemental Brief is the case of In Re Richards Homes Bldg. C0., F. App'x, 401 (6th Cir. 2013) which provides no guidance as to the issue of awarding or calculating punitive damages.

**Wherefore**, for the above referenced reasons, the Creditor would state that there was a fair ground of doubt  Creditor's conduct might be lawful under the discharge order and as such no actual or punitive damages should be awarded.

**/s/ Wayne R. Stambaugh**
Wayne R. Stambaugh, BPR 021011
Attorney for the Plaintiff
P.O. Box 1896
Morristown, TN 37816
wstambaugh@stambaughlaw.net
PH#: (423) 586-8110

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and accurate copy of the foregoing document by electronic submission to:

Richard M. Mayer
John P. Newton, Jr.
Attorney for Debtors
1111 Northshore Drive, Suite S-570
Knoxville, TN 37919

Tiffany Dilorio
Office of the United States Trustee

and the following individuals at their last known address by first-class prepaid mail today, April 8, 2020:

Robert and Misty Wallen
Debtors
1173 McFarland St.
Morristown, TN 37814

**/s/ Wayne R. Stambaugh**
Wayne R. Stambaugh